## Mamie Walker, Appellee, v. Beulah Backus, Appellant.

## Gen. No. 8,109.

1. HIGHWAYS AND STREETS—*instruction on negligent operation of automobile not charged in declaration.* An instruction in an automobile collision action that defendant was liable if she was guilty of negligence in the operation of her car as ''she approached said Second street,'' held misleading in not confining the negligence to that charged in the declaration of negligent operation of the car while driving upon an avenue ''towards the west near its intersection with Second street.''

2. DAMAGES—*instructing on financial loss not charged in declaration.* An instruction in a personal injury action is erroneous which includes financial loss as an element of damages when no financial loss was averred as an element of damages in the declaration.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded. Opinion filed October 31, 1927.

GILLESPIE & GILLESPIE, for appellant; ARTHUR M. FITZGERALD, LOUIS F. GILLESPIE and HUGH J. DOBBS, of counsel.

WILLIAM J. LAWLER, JOHN G. FRIEDMEYER and ALFRED H. GREENING, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case, Mamie Walker the appellee, sued the appellant Beulah Backus in the circuit court of Sangamon county, to recover damages which resulted to her from injuries which she sustained in a collision which occurred while driving her automobile on South Grand avenue at the intersection of Second street in the city of Springfield. The appellee bases her right to recover on the ground alleged in her declaration, that the appellant was guilty of negligence in driving

and operating her car at the intersection referred to; and that this negligence caused the collision. The trial resulted in a verdict of guilty, fixing appellee's damages at $1000; $250 was remitted by the appellee; and thereupon a judgment was rendered for $750 against the appellant. This appeal is prosecuted from the judgment.

Numerous errors are assigned; but for the purposes of this opinion it is not necessary to discuss all the questions raised concerning the assignments of error. We find no reversible error in the admission or rejection of evidence at the trial; nor in the refusal of the court to direct a verdict for the appellant. We find reversible error, however, in the giving of the sixth and eighth instructions for the appellee. The sixth instruction is as follows:

"The Court instructs the jury that if you believe from a preponderance of the evidence in this case that the plaintiff attempted to turn from South Grand boulevard into Second street, and while doing so was then and there exercising reasonable care and diligence for her own safety and was not guilty of any negligence, and the defendant was guilty of negligence in the operation of her automobile as she approached said Second street, and that such negligence of the defendant, if any, contributed to the proximate cause of the collision and the injury to the plaintiff, then you will find the defendant guilty."

The vice of this instruction is, that it does not base the appellee's right of recovery upon the negligence charged in the declaration. The charge of negligence in the declaration is, that the appellant "so negligently and carelessly drove and operated the said automobile which she was driving over and upon said South Grand Avenue towards the west and near its intersection with said Second street" as to cause her automobile to run into and collide with the automobile of the appellee, while the instruction told the jury that the ap-

pellant was liable if she was "guilty of negligence in the operation of her automobile as she approached said Second street." The language in this instruction does not confine the alleged negligence for which the jury should hold the appellant liable to the negligence, if any, committed in the operation of the car "towards the west near the intersection," but extends it to any negligence that the appellant may have been guilty of in approaching Second street, no matter at what distance from the intersection. Under this instruction the jury might have been misled into the conclusion, that if the appellant drove her automobile at an illegal rate of speed at any time as she was approaching the intersection the appellee's right to recover would be thereby established, even though the appellant had ceased to drive at such illegal rate long before the intersection was reached. There is also error in the eighth instruction which concerns the measure of damages, because it includes financial loss as an element which the jury may consider in fixing the amount of damages which the appellee had a right to recover. No financial loss is averred as an element of damages in the declaration; and the appellee under the declaration has no right to recover therefor; and, moreover, the instruction does not confine the jury in making an estimate of financial loss to any evidence on that subject.

For the errors indicated judgment is reversed and cause remanded.

*Reversed and remanded.*